REDMANN, Judge
(dissenting).
Jacobs was the real borrower and Kingston only an accommodation co-maker. But, LSA-C.C. art. 2106,
■‘If the affair for which the debt has been contracted in solido, concern only one of the codbligors in solido, that one is liable for the whole debt towards the other codebtors, who, with regard to him, are considered only as his securities.”
Kingston, as surety for Jacobs, is entitled to subrogation against Jacobs, C.C. arts. 3052 and 2161(3). Subrogation places the surety in the creditor’s shoes. If Kingston had to pay Jacobs’ debt, Kingston could, as subrogee of the creditor VAHN-OLA, sue Occidental for whatever benefits it owed.
(Kingston’s rights are not limited to sub-rogation after payment; he is entitled to indemnity against Jacobs, C.C. art. 3057.)
This is a case where either VAHNOLA did not present its claim timely to Occidental, or Occidental did not timely pay the claim. In neither case should Kingston suffer the loss — or worse, Jacobs, the VAHNOLA member who is the real insured!
It appears to me that the question whether Occidental promptly paid the claim is not only a material issue but the determinative issue, and it is not resolved by the record. The third-party petition alleges the claim was submitted to Occidental February 3, 1965, but not paid until 30 months later.
Except insofar as C.C. art. 1935 may limit recovery to legal interest, the third-party petition against Occidental states a good claim, including that for statutory penalties and attorney’s fees. The summary judgment dismissing this claim should be reversed.
Rehearing denied.
Redmann, J., is of the opinion that a rehearing should be granted.